UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-60289-Gayles/Turnoff

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**JOE HARRY PEGG** and **DOLORES PEGG**,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Defendants, Joe Harry Pegg ("Joe") and Dolores Pegg ("Dolores"), and respectfully move this Honorable Court for the entry of an Order dismissing the Complaint filed herein by Plaintiff (the "Complaint") and for grounds allege and state as follows:

1. This motion is brought pursuant to ***Rule 12 (b)(6), Federal Rules of Civil Procedure***.

2. The Complaint fails to state a claim upon which relief may be granted.

**MEMORANDUM:**

In support of this motion, Defendants respectfully submit the following memorandum of law:

*A.*    *Factual Overview From Complaint*: The Plaintiff seeks to foreclose a Criminal Fine Judgment Lien ("Lien") recorded In Official Records Book 24689, Page 0474, of the Public Records of Broward County, Florida. The Judgment in a criminal case was rendered **February 20, 1996**) (Exhibit "A") to Complaint ("Judgment"). A Notice of Lien For Fine was prepared and signed on March 25, 1996 (Exhibit "B") to Complaint. The Judgment and Lien are solely against Joe Pegg. The real property, a residence, is owned by Joe and Dolores, **by the entireties** as they are husband and wife and have been continuously married from a date prior to their acquisition of the subject property to the present. The subject property is the homestead of Joe and Dolores. Plaintiff seeks

1

to foreclose on Joe Pegg's interest in the property as if Joe Pegg had a separate and identifiable interest therein.

**The Plaintiff's claim is based upon a fine and not based upon a forfeiture or restitution**, a distinction that should be noted at the outset of this memorandum.

  *B.* *Claims dismissed under Rule 12(b)(6).* Defendants recognize a court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him (them) to relief. *Sofarelli v. Pinellas County*, 931 F. 2d 718 (11th Cir. 1991) and *United States of America v. Sea Winds of Marco, Inc.*, 893 F.Supp 1051 (M.D. Fl. 1995), both citing *Conley v. Gibson*, 355 U.S. 41, 45-56, 78 S.Ct.99, 101-102, 2 L.Ed.2d 80 (1957). Defendants also recognize that when considering a motion to dismiss, a court must consider the plaintiff's allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947); *Cruz v. Beto* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Notwithstanding this heavy burden, Defendants respectfully submit that they are entitled to a dismissal of the Complaint with prejudice.

  *C.* *The lien has expired.* The date of the Judgment is **February 20, 1996**. On that date, 18 U.S.C.A. §3613 (Civil remedies for satisfaction of an unpaid fine), sub-section (b) stated:

"(b) **Expiration of lien.**  A lien becomes unenforceable and liability to pay a fine expires:

(1) **twenty years after the entry of the judgment**; or,

(2) upon the death of the individual fined."  (Emphasis provided).

Joe Pegg is still alive.  However, twenty years after the date of the Judgment is February 20, 2016.  <u>According to the statute in existence on the date of the Judgment, the lien has expired</u>.  It no longer exists.  Therefore, Plaintiff has no right to seek enforcement (collection).

It should be noted that Judgments rendered <u>after</u> April 24, 1996 were subject to a different expiration.  Following this amendment, the above cited statute provided:

2

"**Termination of liability**.  The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  The 1996 revision of §3613 "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted **on or after** the date of enactment of this Act [April 24, 1996]." See Note following 18 U.S.C.A. §2248. (Emphasis supplied).

Therefore, the statutory collection period has passed.  It is represented to this Court that on or about March 15, 2016, Joseph Pegg was advised by his case worker (Mr. Sean Curtsinger) that the fine had expired.  This information has been communicated to counsel for Plaintiff prior to the filing of this Motion.

D.     *Unambiguous Statute.* The purpose of statutory construction is to discern the intent of Congress in enacting a particular statute.  *United States v. Daas*, 198 F.3rd 1167, 1174 (9th Cir. 1999), cert. Denied, 531 U.S. 999 (2000).  Words should be given their "ordinary, contemporary, common meaning."  *United States v. Carter*, 421 F.3d 909, 911 (9th Cir. 2005); *CBS Inc., v. Primetime 24 Joint Venture*, 245 F.3d 1217 (11th Cir. 2001).  If the relevant language is clear and unambiguous, no further analysis is necessary. *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002).  Therefore, there can be no other interpretation of the fact that on the date of the Judgment (February 20, 1996), the United States had 20 years in which to collect the fine.  The Judgment date is clearly set forth on the Exhibits attached to the Complaint as Exhibits" A" and "B".  The Plaintiff in the case at bar has no claim.  There is no longer any lien upon which Plaintiff may maintain an action to foreclose.  The Judgment has expired as of February 20, 2016.

E.     *There is no retroactivity.*  The April 24, 1996 amendment to §3613 has no language which could be interpreted to mean such statute could be applied to convictions/judgments rendered

prior to that date. Courts read laws as prospective in application unless Congress has unambiguously instructed retroactivity. *Vartelas v. Holder*, 132 S.Ct. 1479 (2012), *citing*, *Landgraf v. USI Film Products*, 511 U.S. 244, 263, 114 S. Ct. 1483, 128 L.Ed.2d. 229 (1994).

**F.     *The Judgment does not attach to property held by the entireties which is also homestead exempt.*** In Florida, tenancy by entirety requires five unities: marriage, title, time, that is, receipt of title from the same conveyance, interest, and control or possession. *Andrews v. Andrews*, 155 Fla. 654, 21 So.2d 205, 206 (1945), as cited in *United States of America v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Florida*, 894 F.2d, 1511 (11th Cir. 1990). As to the Defendants, all fine unities are present.

i)     Joseph and Dolores have been continuously married from August 26, 1978[1] to the present.

ii)    Fee simple title to the subject property is held as Joe H. Pegg and Dolores E. Pegg, **his wife**, by virtue of Special Warranty Deed dated October 15, 1991[2] and recorded in Official Records Book 18831 at Page 0351 of the Public Records of Broward County, Florida.

iii)   They received title at the same time by virtue of the Special Warranty Deed described above. The grantor of such deed was Arvida/JMB Partners, a Florida general partnership.

iv)    They still hold title as husband and wife (tenants by the entirety).[3]

---

[1] They have four children, one grand child with two more on the way.

[2] They owned the subject property as Tenants by the Entireties for over five (5) year BEFORE the dated of the Judgment which is February 20, 1996.

[3] The records of the Broward County Property Appraiser references this property under folio number 5040 19 03 0450 and lists the owner as Pegg, Joe & Dolores.

4

    v)    The subject property is in control and possession of Dolores Pegg[4] and is the homestead of both Dolores and Joe.

Florida law also is clear that no portion of property held in tenancy by the entirety by an **innocent spouse** and her husband (who committed a crime) could be forfeited. Dolores is an innocent spouse (there is no dispute to this statement). As long as Joe and Dolores remained married, all of the unities remain intact and therefore each spouse's interest in the subject property comprises the whole or entirety of the subject property and not a divisible part and therefore the estate is inseparable. *Quick v. Leatherman,* 96 So.2d 136, 138 (Fla. 1957). Neither spouse can sell, forfeit or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition. *Parrish v. Swearington*, 379 So.2d 185, 186 (Fla. Dist. Ct. App. 1980). A creditor cannot levy on entireties property to satisfy the debt of an individual spouse. *Meyer v. Faust*, 83 So.2d 847, 848 (Fla. 1955). See also, *Baldwin v. United States of America*, 805 F. Supp. 1026 (S.D. Fla. 1992).

In the *One Single Residence* case cited above, the Husband actually sold cocaine from the house. Even under that circumstance, the USA could not obtain the residence by forfeiture since title to the property was held by the entireties.

## CONCLUSION:

The case law and the complaint itself, clearly show that there is no claim for relief upon which Plaintiff may maintain an action against Dolores, or Joe for that matter, in order to foreclose a lien on the subject property which is owned by Defendants as Tenants by the Entireties. **The Judgment expired**. There is no Judgment for the Plaintiff to seek to collect. The Complaint should be dismissed with prejudice, with this Honorable Court granting to Dolores such other and further

---

[4] Obviously Joe would also be in control and possession but for the fact that he is currently incarcerated.

relief as it may deem just and proper, including, but not limited to the award of fees.

                                                     BERGMAN & JACOBS, P.A.
                                                     Attorneys for Defendants
                                                     2001 Hollywood Boulevard
                                                   Suite 200
                                                   Hollywood, Florida 33020
                                                   954 923 3533/954 883 3421 fax
                                                   rbergman@bj-law.com

                                                   By /s/ *Richard H. Bergman*
                                                       Richard H. Bergman
                                                       FBN 160552

     WE, HEREBY CERTIFY, that on March 29, 2016, the undersigned electronically filed the foregoing document with the Clerk of this Court using CM/ECF. We also certify that a true and correct copy of the above and forgoing was furnished via transmission of Notices of Electronic Filing generated by CM/EFC and/or via United States Mail to: Danielle N. Croke, AUSA, Danielle.Croke@USdog.gov, U.S. Attorney's Office, 99 NE 4th Street, Suite 300, Miami, Florida 33132

                                                        **/s/ *Richard H. Bergman****