UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-60289-CIV-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JOE HARRY PEGG** and
**DOLORES E. PEGG**,

    Defendants,
_____/

ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants Joe Harry Pegg and Dolores E. Pegg's Motion to Dismiss [ECF No. 9]. In their motion, Defendants argue that Plaintiff United States' requested foreclosure of Defendants' property to enforce a Criminal Fine Judgment Lien ("Lien") is void because the applicable statute of limitations has expired and/or their property is protected by the Florida homestead exemption.  For the reasons that follow, Defendants' motion is **DENIED**.

I.   BACKGROUND

On February 16, 1996, Mr. Pegg was sentenced to 360 months in prison and ordered to pay a $500,000 criminal fine, plus interest, for conspiracy to import marijuana. [ECF No. 1 at ¶ 7].  Judgment against Mr. Pegg was entered in the United States District Court for the Middle District of Florida on February 20, 1996. [*Id.* at ¶ 8].  On April 2, 1996, the United States

1

recorded a Notice of Lien for Fine and/or Restitution imposed pursuant to the Sentencing Reform Act of 1984 against a property owned by the Defendants in Broward County, Florida. [*Id.* at ¶ 9].

Title 18 of the United States Code provides for the enforcement of the Lien. 18 U.S.C. § 3613(a) (2016) ("[A] judgment imposing a fine may be enforced against all property or rights to property of the person fined" except for a few enumerated exceptions.). Section 3613(b) provides for termination of liability after the passage of time or the death of the individual. The version of § 3613(b) in effect at the time of Mr. Pegg's sentencing stated that "a lien becomes unenforceable and liability to pay a fine expires: (1) twenty years after the entry of the judgment; or, (2) upon the death of the individual fined." 18 U.S.C. § 3613(b) (Feb. 1996). The current version of § 3613(b), as amended in April 1996 by the Mandatory Victims Restitution Act ("MVRA"), Title II of the Anti-Terrorism and Effective Death Penalty Act, states that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment, *or 20 years after the release from imprisonment of the person fined*, or upon the death of the individual fined." 18 U.S.C. § 3613(b) (2016) (emphasis added).

Mr. Pegg has neglected, failed, and/or refused to pay the full amount of the criminal fine and has paid only $204,698.50 towards the debt that is secured by the Lien. [ECF No. 1 at ¶ 12]. Plaintiff filed the current action on February 12, 2016, eight days before the expiration of the twenty-year statute of limitations of the February 1996 version of § 3613(b). Defendants are seeking dismissal of the Lien against their property and of this action, claiming that the February 1996 version of § 3613(b) is controlling and that the statute of limitations expired on February 20, 2016. [ECF No. 9 at 2]. Defendants also claim that their property is protected from foreclosure by the Florida homestead exemption. [*Id.* at 4].

In its opposition to Defendants' motion, Plaintiff requests that the current version of § 3613(b) be used to enforce the Lien on Defendants' property or that the Court find that the statute of limitations in the February 1996 version of § 3613(b) was tolled by the filing of this action. [ECF No. 13 at 3–9]. Furthermore, Plaintiff asks that the United States be allowed to foreclose on the property owned by the Defendants, as any Florida homestead protection or property interest as tenants by the entirety fails to shield the property from foreclosure under a criminal fine judgment lien. [*Id.* at 9–11].

## II. LEGAL STANDARD

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" in applying this principle: first, "eliminate any allegations in the complaint that are merely legal conclusions;" and second, "where there are well pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### III.    DISCUSSION

#### A.    Lien on Defendants' Property Did Not Expire

A criminal fine "is a lien . . . on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). A restitution lien has the "same effect as a federal tax lien." *See United States v. De Cespedes*, 603 F. App'x 769, 771 (11th Cir. 2015) (citing 18 U.S.C. §§ 3613(d)–(f)); *see also United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007) ("Liens to pay restitution debts are treated like tax liens."). A tax "may be collected by levy or by a proceeding in court . . . only if the levy is made or the proceeding begun within [the statute of limitation period]." 26 U.S.C. § 6502(a). "If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable." *Id.* Courts have determined that as long as the United States files suit to enforce the tax lien prior to the expiration of the statute of limitations, the lien does not lapse. *See United States v. Domenico*, No. 09-CV-1282, 2010 WL 3029019, at *3 (M.D. Fla. Apr. 29, 2010) ("Additionally, the lien has not lapsed because the United States filed this collection action before the collection statute of limitations expired."); *see also United States v. Bucy*, No. 06-00387, 2007 U.S. Dist. LEXIS 82548, at *11–12 (S.D. W. Va. Nov. 6, 2007) (finding that the United States timely filed its tax proceeding because the limitation period was triggered by filing suit eight days prior to the period's expiration).

Here, the United States filed the instant claim on February 12, 2016, eight days before the twenty-year statute of limitations period would have lapsed on February 20, 2016. Because the instant lien is enforced in the same manner as a tax lien, the filing of this suit prior to that

deadline was timely. Accordingly, the United States is entitled to seek foreclosure of its lien against the Defendants' property even under the February 1996 version of 18 U.S.C. § 3613(b). Based on this finding, it is not necessary for the Court to determine whether the Amended Statute applies retroactively.

### B. Judgment Attaches to Property Held by the Entireties

Plaintiff and Defendants disagree as to whether Defendants' property is protected from forfeiture by the Florida homestead exemption. Section 3613(a) makes clear that "a judgment imposing a fine may be enforced against all property or rights to property of the person fined," except for a limited number of exceptions, none of which apply to Defendants here. 18 U.S.C. § 3613(a). Section 3613(c) states that "[a] fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title . . . is a lien in favor of the United States . . . fined as if the liability . . . were a liability for a tax assessed under the Internal Revenue code of 1986." 18 U.S.C. § 1363(c). Notably, "the IRS's power to attach tax liens . . . supersede[s] any exemptions state law may afford a debtor . . . ." *In re Sinnreich,* 391 F.3d 1295, 1298 (11th Cir. 2004). Tax liens trump state property rights, even when those rights are held by entirety. *Id.* at 1297–98. Additionally, the Supremacy Clause of the United States Constitution prevents the Florida homestead exemption from contradicting federal law. U.S. Const. art. VI, para. 2; *United States v. Offiler*, 336 F. App'x 907, 909 (11th Cir. 2009) (holding that tax protestor's property was not protected by the Florida homestead exemption from enforcement of a federal tax lien); *U.S. v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1311 n.14 (11th Cir. 1999) (federal forfeiture statute trumps Florida Constitution homestead exemption via the Supremacy Clause). Accordingly, Defendants' assertion that their home is protected from foreclosure by the Florida homestead exemption is groundless.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss **[ECF No. 9]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  Magistrate Judge Turnoff
     All Counsel of Record