UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
( CASE NO. 16-cv-60289-GAYLES)

UNITED STATES OF AMERICA )
    Plaintiff )
                                   )
V. )
                                   )
Joe Harry Pegg and )
Dolores E. Pegg )
    Defendants, )



Defendant's Motion In Opposition To
Government's Motion For Summary Judgment
And Dfendant's Motion For Summary Judgment

    Movant disputes the facts in the Government's Motion for Summary Judgment at pgs. 2 and 3.

    "The moving Party 'bears the initial burden of showing the Court, by references to materials on file,' that there are no genuine issues of material fact." Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986).

    This the government has failed to do by making 'bare boned' allegations and legal conclusions that are anything but clear with no evidence to support their position. The non-moving party will identify the facts and evidence in this case with particularity that precludes Summary Judgment for the Government.

Issue I  The Movant disputes the facts in the Government's Motion at page 4.

    As conceded in the government's brief at pgs. 4 and 5, Joe Harry Pegg's was liened under the Victims and Witness Protection Act (VWPA). This lien cannot be enforced under the Mandatory Victim Restitution Act (MVRA). See United States V. Futrell, 209

(1)

F.3d 1286 (11th Cir. 2000) (following United States V. Siegel, 153 F.3d 1256 (11th Cir. 1998).

> "We have already determined that the MVRA clearly does not apply to a defendant whose criminal conduct occurred and ceased prior to April 24, 1996."

Joe Harry Pegg's criminal conduct occurred and ceased prior to April 24, 1996, and to apply the MVRA to Pegg would raise serious ex post facto concerns. Old limitation period of 20 years from judment must be applied in this case.

Issue II  Movant disputes the facts alleged in the government's motion for summary judgment at pgs. 5,6,7.

The government cites United States V. Ryals, 480 F.3d 1101, 1110 (11th Cir. 2007) (quoting In re Sinnreich, 391 F.3d 1295, 1297-98 (11th Cir. 2004); where the Court stated citing Bankruptcy case law.

> "Holding that under Maryland law property held in 'tenancy by the entireties' estate is validly exempt from bankruptcy creditors of one spouse under Sec. 522(b)(2)(B); also citing In Re Kelly, 289 B.R. 38, 45 (Bankr. D. Del. 2003) (concluding Craft, is inapplicable  holding that 'under Deleware law' and [522(b)(2)(B)] property held in an entireties estate is validly exempt, and may not be reached by the creditors of one spouse.") See also e.g. Schossberg V. Barney, 380 F.3d 174, 182 (4th Cir. 2004) ("Declining to extend Craft, holding that Chapter 7 Bankruptcy trustee proceeding pursuant to Sec. 544 of the Bankruptcy Code 'cannot stand in the shoes of the IRS in tax collection context in order to reach property held in tenancy by the entireties exempted under

Sec. 522(b)(2)(B). See also e.g. In re Ryan, 282 B.R. 742, 750 (bankr. D.R.I. 2002) ("Noting that Craft, gives no indication that the reasoning therein should be extended beyond 'federal tax law'").

It is Pegg's contention that the 26 USC Sec. 3621 lien was not allowed under Florida Law:

"In Florida, property held by spouses under a tenancy by the entireties cannot, except in very limited situations, be reached to satisfy the individual debt or obligation of either spouse. Because of the unique nature of a tenancy by the entireties under Florida Law, a judgment lien cannot attach to real property held in such an estate under Fla. Stat. Ann. Sec. 55.10 (1967); and since property held by the entireties is not subject to levy and sale under execution, an execution lien cannot attach thereto. See United States V. American National Bank of Jacksonville, 255 F.2d 504, 506 (CA 5 1958) See also Bonner V. City of pritchard, 661 F.2d 1206(11th Cir. 1981) (en banc) the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

"We do not question the rules that liens for Federal taxes and the manner of their enforcement are matters which are governed by the Federal Law. Bank of Nevada V. United States, 9 th Cir., 1957, 251 F.2d 820. However, the rules of property and fixing the incidents of property ownership are rules of state law 'which Federal Courts will respect. Poe V. Seaburn, 282 U.S. 101, 51 S. Ct. 58, 75 L.Ed. 239. The question as to whether a lien for taxes owing to the United States by a husband attached to property held

(3)

by the entireties was considered by the Eighth Circuit Court of Appeals. It said:

\*\*\*. the individual interest of the husband or wife in an estate by the entireties is, like a rainbow in the sky or the mourning fog rising from the valley, not such an estate as may be subjected to grasp of an attaching creditor or which will permit the adherence of a tax lien. We are not at liberty to change the nature of either. United States V. Hutcherson, 8th Cir. 1951, 188 F.2d 326, 331, affirming Hutcherson V. United States, D.C.W.D. Mo. 1950, 92 F. Supp. 168. See Raffaele V. Granger, 3d Cir. 1952, 196 F.2d 620..

It is Pegg's contention that the 26 USC Sec. 3621 lien under Florida Law was not allowed under Fla. Stat. Ann. Sec. 55.10 (1967) and the lien is void, ab initio.

See De Gazelle Grp., Inc. V. Tamaz Trading Establishment, 817 F.3d 747 (11th Cir. 2016); states in part:

"The remedy for a <u>void judgment</u> or order is similarly limited- the only relief available is for the court to set it aside..."

See also Baldwin V. United states, United States District Court For the Southern District of Florida, <u>805 F. Supp. 1026</u>: 1992 U.S. Dist. Lexis 17069; 6 Fla. Weekly Fed. D. 514, Case No. 90-14065-cv-Gonzalez December 2, 1992. Opinion was affirmed by the Eleventh Circuit in a per curium Opinion at 11 F.3d 166: 1993 U.S. App. Lexis 3165. The government petitioned the Supreme Court for Certiorari which was denied October 3, 1994, Reported at: 1994 U.S. Lexis 6590. This Court Stated:

"I.R.C. Sec. 3565 references collection of criminal fines in the manner of a tax lien as a method of enforcement. The provision does not indicate that the Congress meant to fundamentally change

((4))

the property rights of innocent third parties who are tenants by the entireties with persons later convicted of crimes and fined by the court. If such is the intention of Congress, it must be more clearly stated. Tax liens 'are not enforceable' against a tenacy by the entireties because the entireties property is not severable."

The government in Baldwin, cited United States V. Rodgers, 103 S. Ct. 2132 (1983) and U.S. V. One Single Family Residence 894 F. 2d 1511 (11th Cir. 1990); for authority. the Baldwin stated:

"As with Rogers, the defendant's reliance on One Single Family Residence, is <u>selective</u> on the issue of preemption, that court noted that criminal forfeiture statutes are to be enforced "irrespective of any provision of state law." 21 USC Sec. 853(a), No such express exemption exists in 18 USC Sec. 3565 or in 26 USC Sec.'s 6321 and 7403, the statutes at issue here. Moreover, this is not an area where federal law excludes state law or in which state law is in actual conflict. To the contrary; state law has traditionally given "meaning and content to federal statutes" in this area. Davies Warehouse Co. V. Bowles, 321 U.S. 144, 155, 64 S. Ct. 474, 480, 88 L.Ed. 635 (1944). The analysis of Judge Fay in footnote 7 of One Single Family Residence, so heavily relied on by the United States, is premised on the explicit preemption provisions found in applicable 'forfeiture statutes.' No such premise exists with the execution of criminal fines."

Therefore any and all the forfeiture cases cited by the government in its motion for summary judgment are misplaced and not well taken.

"The argument glossed over by the United States is that to grant

(5)

the government's request would be a 'Fifth Amendment taking.' Mrs. Baldwin's interest in subject property is an undivided right of ownership and occupancy. To somehow convert this interest to a 'tenancy in common' would be to fundamentally change her ownership interest and deprive her of her property. A tenancy by the entirety is by definition an undivided right of possession, title, and enjoyment of the whole property. One Single Family Residence, 894 F.2d at 1516. The government cannot unilaterally attack this interest and 'require Mrs. Baldwin to take half of the proceeds as her share.' 'She did not own a share,' she owned the entire house."
"Ordered and Adjudged that the defendant United States of America's motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted. The proceeds of the sale of the plaintiff's property shall be released to the plaintiff's and final judgment will enter accordingly."

Baldwin, and the issues contained therein, were decided in this Court and the law of the case law and res judicata controll.

It is Pegg's contention that the tenancy by the entireties exemption interest was not and is not the equivalent of equity interest.

Issue III Pegg should not be charged interest on the fine.

Pegg didn't know until years after his sentencing order that he was paying interest on the fine. He was never "noticed" by the government, Probation or his attorneys, or the court. Nothing in the court records indicated that he was being charged interest, on the fine.

In 2015 Pegg was provided a statement of account by the clerk's office of United States District Court, Middle District of Florida, Orlando Florida stating that Pegg owed a balance of $295,751.50

(6)

and that he had payed $204,248.50 toward the balnce, with no interest accrued. See (Exhibit-A)..

Nothing in the Statement of Account indicated that interest was being charged.

Under 18 USC Sec. 3572(d)(1). "A person sentenced to pay a fine or other monetary penalty, including restitution , shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments..."

The Court ordered Pegg to pay in monthly installment at his sentencing: "Okay. Based upon the financial information available to me in the Presentence Report, and "assuming" that it is accurate, and in reliance upon that financial information, defendant is hereby ordered to pay a fine of $500,000.00. Monthly payments are to begin and continue during the defendant's incarceration. The balance of any unpaid portion is to be paid while on supervised release at a monthly rate to be determined by the United States Probation Office who shall provide a probation officer access to any requested financial information subject to the perjury laws of the United States."
See Sentencing Trans. at page 23.

See 18 USC Sec. 3612 (f)(1)(2).
(f) "interest, monetary penalties 'for delinquency,' and default. 'Upon a determination of willful non-payment,' the 'court may impose' the following interest and monetary penalties. Pegg was ordered to make payments during his incarceration and make payments of the unpaid portion while on supervised release. Pegg has complied with his IFRP while being incarcerated. See e.g. Johnpoll V. Thomburg,

898 F.2d 849, 851 (2d Cir. 1990) (noting that IFRP serves valid penological interest and is fully consistent with the Bureau of Prisons authorization...to provide for Rehabilitation and reformation).

Pegg complied with his IFRP until one day he noticed that staff had returned his IFRP payment and placed it back on his books. Concerned, Pegg notified staff to find out what was going on and was told; The collection of the fine was no longer an issue because the fine had expired and the B.O.P. made clear that no money was owing from the prisoner, for the fine due to it being expired. Staff notified Pegg this came from the court.

Under 18 USC Sec. 3612(f)(1)(2) the fine was not delinquent until the end of Pegg's supervised release then he would be in default.

It is obvious to the most casual of observers that it is unlikely that probation would attempt to set up a schedule for a payment plan on a fine that was expired and no longer owing.

It is Pegg's contention that the interest on the fine could not accrue until the day his Supervised Release was over, if he did not have the fine paid by then. The language in 18 USC Sec. 3612 is plain and unambiguous in its reading. The fine did not become delinquent until that time, then Pegg would be in default of the contract he entered into with the District Court at the time of his sentencing. See Page 23 of Sent. Trans.

Summary Judgment: Under Rule 56(b) of the Fed. R. Civ. P. a defending party against whom relief is sought may move, with or without supporting affidavits, for Summary Judgment on all or part of the claim.

(8)

It is Pegg's contention that the lien judgment placed on he and his wife's property is "void" from its inception. The lien judgment was not allowed by Florida Law, supra, at the time the government placed the lien. This judgment should be set aside in its entirety and the Pegg's be re-imbursed for all legal fees that his family has expended in this case.

Therefore Pegg respectfully moves this court to take into consideration that all MVRA and Forfeiture cases cited in the government's motion for Summary Judgment are inapposite to the issues involved in the instant case.

Therefore Pegg respectfully moves for Summary Judgment in the above-styled case because the Court cannot enforce a "void judgment" without becoming a "Trespasser" itself.

Respectfully Submitted,

2/6/2017

Joe Harry Pegg #07012-004
Federal Medical Center,
P.O. Box 14500
Lexington KY 40512

(9)



(EXHIBIT-A)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
*OFFICE OF THE CLERK*
401 W. Central Boulevard
Orlando, Florida 32801-0210

**Sheryl L. Loesch**
**Clerk of Court**

Tel.: 407-835-4200
Fax: 407-835-4228

03/24/2015

Joe Harry Pegg
Federal Medical Center
PO Box 14500
Unit HCU
Lexington, KY 40512

Re: Case 2:94-CR-38

Dear Mr. Pegg

Please find attached the report you requested.

Feel free to contact me if you have any other questions.

Sincerely,

Natasha Hurd
407-835-4248
Natasha_Hurd@flmd.uscourts.gov

---

| Jacksonville Division | Ocala Division | Orlando Division | Tampa Division | Fort Myers Division |
|---|---|---|---|---|
| U.S. Courthouse | U.S. Courthouse | U.S. Courthouse | U.S. Courthouse | U.S. Courthouse |
| 300 North Hogan Street | 207 N.W. Second Ave. | 401 W. Central Blvd | 801 N. Florida Avenue | 2110 First Street |
| Jacksonville, FL 32202 | Ocala, FL 34475 | Orlando, FL 32801 | Tampa, FL 33602 | Fort Myers, FL 33901 |

03/24/2015 08:59 AM EDT

# U.S. Courts
## Case Inquiry Report

Case Num: DFLM294CR000038; Party Num: N/A; Payee Code: N/A
Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

| Case Number | Case Title |
|---|---|
| DFLM294CR000038 | USA V. JOE HARRY PEGG |

### Summary Party Information:

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 001 | CONV001645 | JOE HARRY PEGG | CONV00000662 | SPECIAL PENALTY ASSESSMENT | | 0.00 | 0.00 | 0.00 |
| 001 | CONV001645 | JOE HARRY PEGG | CONV00000662 | FINE-CRIME VICTIMS FUND | | 500,000.00 | 204,248.50 | 295,751.50 |
| | | | | | | 500,000.00 | 204,248.50 | 295,751.50 |

### Registry Information:

| Depository Code | Depository Name | Account Type | Account Number | Depository Total |
|---|---|---|---|---|

Version 7.1    Page 1 of 5

To: Clerk of Court
United States District Court
Southern District of Florida
Ferguson Courthouse
400 N. Miami Avenue
Miami FL 33128
Case No. 16-60289-Civ-Gayles

From: Joe Harry Pegg #07012-004
      Federal Medical Center,
      P.O. Box 14500
      Lexington KY 40512

Dear CLERK,

I respectfully inform the Court that I am not being provided with proper service from the Court. Although I have been provided with the Government's response to my Motion under Rule 59(e) of Fed. R. Civ. P.; I have not been provided with all the court's orders in this case. I filed a motion for extension of time that the Court received the same day as it denied my motion pursuant to Rule 59(e). I had my neice who is an attorney check on pacer and she informed me that my Motion for extention of time was received on the same day that the Court dismissed my Motion according to pacer. I would ask the Court to clarify why I did not receive this order or if my case is still proceeding or what. This letter is not intended to delay or hinder the proper administration of the Court, but to protect my rights in this very important case.

   I thank you for your time and consideration in this very important matter.

                                        Respectfully

2/6/2017                       Joe Harry Pegg #07012-004
                               Federal Medical Center,
                               P.O. Box 14500, HCU Unit
                               Lexington KY 40512


One of One

## CERTIFICATE OF SERVICE

I Joe Harry Pegg do certify and affirm that I did cause to be placed into the U.S. mail service one copy of my Motion in opposition to the government's Motion for Summary Judgment by placing into the hands of mail room officials said copy with postage for first-class mail attached to Danielle Croke, Esq. AUSA, United States Attorney, 99 N.E. 4th Street Suite 300, Miami FL 33132.

Respectfully Submitted,

2/6/2017

Joe Harry Pegg #07012-004
Federal Medical Center,
P.O. Box 14500
Lexington KY 40512

One of One

7007 0710 0000 0254 1371

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Clerk of The Court
400 N. Miami Ave.
Rm. 8N09
Miami, FL 33128

USMS INSPECTED
(FEDERAL)
Rm 8N09

⇨07012-004⇦
Clerk Of The Court
Ferguson
400 N Miami AVE
Miami, FL 33128
United States

⇨07012-004⇦
Joe Harry Pegg
PO BOX #14500
Federal Medical Center
Lexington, KY 40512
United States

FEDERAL MEDICAL CENTER
3301 LEESTOWN ROAD
LEXINGTON, KY 40511-8799

DATE: 2-9-17

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the letter raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.